**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Ashley Campbell Poole, Walter Poole, Jr., and John Doe,
Defendants,

Of whom Walter Poole, Jr. is the Appellant.

In the interest of minors under the age of eighteen.

Appellate Case No. 2020-001591

———————

Appeal From Greenville County
Rochelle Y. Conits, Family Court Judge

———————

Unpublished Opinion No. 2021-UP-304
Submitted July 27, 2021 – Filed August 18, 2021

———————

**AFFIRMED**

———————

Jennifer Lynn Mook, of Law Office of Jennifer Mook, LLC, of Aiken, for Appellant.

Amanda B. Stiles, of the South Carolina Department of Social Services, of Greenville, for Respondent.

Don J. Stevenson, of Don J. Stevenson, Attorney at Law, of Greenville, for the Guardian ad Litem.

---

**PER CURIAM:** Walter Poole, Jr. (Father) appeals the family court's final order terminating his parental rights to his minor children (Children). Father argues the family court erred in finding (1) his home could not be made safe within twelve months due to severe or repetitious harm, (2) he failed to remedy the conditions causing removal, (3) he willfully failed to support Children, and (4) termination of parental rights (TPR) was in Children's best interest. We affirm.

On appeal from the family court, this court reviews factual and legal issues de novo. *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011); *Lewis v. Lewis*, 392 S.C. 381, 386, 709 S.E.2d 650, 652 (2011). Although this court reviews the family court's findings de novo, we are not required to ignore the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony. *Lewis*, 392 S.C. at 385, 709 S.E.2d at 651-52.

The family court may order TPR upon finding a statutory ground for TPR is met and TPR is in the children's best interest. S.C. Code Ann. § 63-7-2570 (Supp. 2020). The grounds must be proved by clear and convincing evidence. *S.C. Dep't of Soc. Servs. v. Parker*, 336 S.C. 248, 254, 519 S.E.2d 351, 354 (Ct. App. 1999).

We find clear and convincing evidence showed Children were harmed, and due to the severity or repetition of the harm, it was not reasonably likely Father's home could be made safe within twelve months. *See* § 63-7-2570(1) (providing a statutory ground for TPR is met when "[t]he child or another child while residing in the parent's domicile has been harmed as defined in [s]ection 63-7-20, and because of the severity or repetition of the abuse or neglect, it is not reasonably likely that the home can be made safe within twelve months"); *id.* (explaining a parent's previous abuse or neglect of the child or another child may be considered when determining whether the home can be made safe). Ashley Campbell Poole (Mother) testified that in 2017, Father hurt Child 1 badly enough to leave bruises, she and Father engaged in domestic violence in front of Children, and the house in which the she and Father resided with Children was in a deplorable condition and contained no food. We find this testimony established Children were harmed. *See* S.C. Code Ann. § 63-7-20(6)(a)(i) (Supp. 2020) ("'Child abuse or neglect' or 'harm' occurs when the parent . . . inflicts or allows to be inflicted upon the child physical or mental injury or engages in acts or omissions which present a substantial risk of

physical or mental injury to the child . . . ."). Further, due to the repetition of this harm, we find it is not reasonably likely the home can be made safe within twelve months. The case worker testified that in 2010, the Department of Social Services (DSS) indicated a case against Father for physical neglect of Child 1 and another child living in the home. The present case was first indicated in 2017, and in March 2019, the family court entered new findings against Father for physical neglect of Children due to his failure to remedy the conditions causing removal and failure to complete his placement plan. Although Children had been out of the home for forty-two months at the time of the TPR hearing, Father acknowledged his home was still not an appropriate place for Children to live. Additionally, Father acknowledged he failed "a lot" of drug screens due to his alcohol use and failed "a couple" of drug screens for methamphetamines after he completed drug and alcohol treatment. He did not undergo a drug and alcohol assessment pursuant to his 2019 placement plan, and the previous case worker, the current case worker, and the guardian ad litem (the GAL) found empty alcohol bottles strewn about the house at every home visit. Thus, we find clear and convincing evidence showed it was not reasonably likely Father's home could be made safe within twelve months.

We also find clear and convincing evidence showed Father failed to remedy the conditions causing Children's removal. *See* § 63-7-2570(2) (providing a statutory ground for TPR is met when "[t]he child has been removed from the parent . . . and has been out of the home for a period of six months following the adoption of a placement plan by court order . . . and the parent has not remedied the conditions which caused the removal"). In 2018, Father was ordered to complete a placement plan. In April 2019, Father agreed to new findings for physical neglect due to his failure to complete the placement plan, and he and DSS agreed to a placement plan requiring him to, *inter alia*, complete a mental health assessment and psychiatric assessment and follow all recommendations, undergo a drug and alcohol assessment, engage in counseling services with Children, submit to drug screens within twenty-four hours of each request by DSS, maintain stable employment, and maintain appropriate housing for six months. Father did not complete the drug and alcohol assessment; the previous case worker, the current case worker, and the GAL found alcohol "all over the home" during visits; and Father tested positive for methamphetamine "a couple" of times and did not show up to take two other drug screens in August and December 2019. The case worker and the GAL testified, and Father acknowledged, Father's home was not acceptable for Children at the

time of the TPR hearing. Thus, we find clear and convincing evidence showed Father failed to remedy the conditions causing Children's removal.[1]

Finally, viewed from Children's perspective, we find TPR is in their best interest. Although at the time of the TPR hearing, Children had been away from the home for forty-two months and in foster care for twenty months, Father acknowledged his home was still not appropriate for Children. Additionally, as described above, Father tested positive for methamphetamines after he completed drug and alcohol treatment, did not undergo a subsequent court-ordered drug and alcohol assessment, and failed to report for two drug screens. Child 3 resided in a preadoptive home. Although Child 1 and Child 2 were not in a preadoptive placement, DSS was searching for one, and the GAL testified she did not believe any issues prevented Child 1 or Child 2 from being good candidates for adoption. Thus, due to the length of this case, Father's positive drug screens, Father's failure to obtain adequate housing, and Children's need for stability, we find TPR is in Children's best interest.

**AFFIRMED.**[2]

**LOCKEMY, C.J., and HUFF and HEWITT, JJ., concur.**

---

[1] Because clear and convincing evidence supports the aforementioned statutory grounds, we decline to address the remaining ground. *See S.C. Dep't of Soc. Servs. v. Headden*, 354 S.C. 602, 613, 582 S.E.2d 419, 425 (2003) (declining to address a statutory ground for TPR after concluding clear and convincing evidence supported another statutory ground).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.